FILED

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

98 FEB -5 PM 1:55

U.S. DISTRICT COURT
N.D. OF ALABAMA

GEORGIA MARBLE COMPANY,    )
                           )
       Plaintiff,          )
                           )
vs.                        )    CV 97-PT-0514-E
                           )
PROMAC, INC., et al.,      )
                           )    **ENTERED**
       Defendants.         )
                           )    FEB 5 - 1998

---

## Addendum to Memorandum Opinion

---

The court calls attention to Notes 111-150 to 26 U.S.C. § 6323 Annotated.  It would appear that the terms "choate" and "perfected" have the same meaning.  The court notes that the courts, including the McDermott Court, have uniformly held that a lien is "choate" or "perfected" when the identity of the lienor (Promac),[1] the property subject to the lien (Georgia Marble's contractual liability to Promac) and the amount of the lien (no dispute here) are established.  All were established at the time of the garnishment and prior to the time the Government's lien became "perfected."  This court further notes that Alabama law provides for a garnishment to be effective as to amounts due or to become due under a contact.  Again, the court notes that this is a situation clearly distinguishable from after-acquired real property.[2]

This court further notes that the term "contingent" does not apply under Alabama law to a

---

[1]  Or, perhaps Wingfield, depending on which is the lienor and which is the lienee.  In McDermott, Justice O'Connor referred to the creditor as the "lienor".

[2]  This court notes that the Government made the same type McDermott argument in Prodigy Centers/ Atlanta No. 1 L.P. v. T.C. Associates, Ltd., 127 F.3d 1021 (11th Cir. 1997) and it was rejected.  See note 2.

41

delay in payment.  It likely refers to whether there are further steps necessary to obtain a judgment or to enforce it.  See United States v. Security Trust & Savings Bank, 340 U.S. 47, 50-51 (1950). Also see United States v. Vermont, 377 U.S. 351 (1964) and Pioneer American, supra, 374 U.S. at 88 n.7.  This court also calls attention to footnote 1 of Justice Connor's dissent in McDermott.

This 4th day of February 1998.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE